# Decatur Mercantile Co. *v.* Deford.

*Garnishment on Judgment; Contest of Claim of Exemption.*

1. *Claim of exemption to debt admitted by garnishee, and accompanying inventory.*—When a debt admitted by a garnishee is claimed as exempt by the debtor (Code, § 2533), it is sufficient if the debt is described with such certainty that its identity is apparent; and the accompanying inventory, or statement of personal property, may be written on the same paper, and verified by the same affidavit; nor is it necessary that the particular debt claimed should be again specified.

APPEAL from the City Court of Decatur.

Tried before the Hon. WM. H. SIMPSON.

The appellant in this case recovered a judgment against John H. Deford, on the 27th August, 1890, before C. A. Stephens, mayor of Decatur and *ex officio* justice of the peace;

[Decatur Mercantile Co. v. Deford.]

and sued out a garnishment on said judgment against Long & Jervis, as the debtors of said Deford. The judgment was for $11.37, besides costs. On the 9th September, 1890, before the garnishees had answered, Deford appeared before another justice of the peace, and made an affidavit and claim of exemption, as follows: "John H. Deford, being duly sworn," &c., "hereby makes known, and declares under oath, that he has selected and claimed as exempted to him under constitutional and statutory provisions the following described real and personal property: wages due him from Long & Jervis for work and labor done by affiant, and which wages have been garnished at the suit of the Decatur Mercantile Company, before C. A. Stephens, mayor and *ex officio* justice of the peace, against this affiant, $35.50. And affiant further states under oath that the following is a complete inventory of all the property owned by him, together with the location and value thereof: one cooking stove, with the utensils thereto belonging, situated in New Decatur, of the value of $14." On the 15th September, 1890, a judgment *nisi* was rendered against the garnishees; and the judgment entry further recites that the defendant failed to appear and support his claim of exemption, and it is therefore declared invalid. On the 22d September, 1890, the defendant removed the case by *certiorari* into the City Court of Decatur, alleging that his claim of exemption had never been contested, and that judgment on it had been rendered against him without notice. The transcript returned to the City Court by the justice further states, that the garnishees appeared, and filed an answer to the notice on the judgment *nisi*, admitting an indebtedness of $15.60; and further, the claim of exemption being held invalid, that the plaintiff recover judgment for that amount against the garnishees.

In the City Court, as the bill of exceptions states, "the plaintiff moved for judgment by default, on the following grounds: (1) because the claim of exemptions was too indefinite, uncertain, and insufficient in law; (2) because there was not a sufficient inventory accompanying said claim; and (3) because the inventory which should accompany the claim was not on a separate piece of paper, apart from the claim of exemption." The court overruled the objections and motion, "and there being no further objections to the claim interposed, and no contest filed, sustained the claim of exemption, and discharged the garnishee." The plaintiff excepted to each part of this judgment, and here assigns it as error.

S. M. BAINS, for appellant.

[Decatur Mercantile Co. v. Deford.]

CLOPTON, J.—Section 2533 of the Code provides: "When money, or *choses* in action, or personal property, are garnished, and the defendant claims the same, or any part thereof, as exempted, he shall file his claim thereto in writing, verified by oath, in the court in which said proceedings are pending, accompanied by a statement setting forth the personal property, *choses* in action and money, and the location and value thereof, as required in the statement to be filed under the provisions of section 2525."

Appellee having filed his claim to the money garnished as exempt, appellant moved for judgment by default against the claimant and the garnishees, basing the motion on the specified grounds, that the claim is too uncertain and indefinite, and is not accompanied by a sufficient inventory. The claim, which is in writing and verified by oath, makes known and declares, that defendant has selected, and claims as exempted, "wages due him from Long & Jervies for work and labor done by affiant, and which wages have been garnished at the suit of Decatur Mercantile Company, before C. H. Stephens, mayor and *ex officio* justice of the peace, against this affiant, $35.50." The claim was filed in the justice's court in which the suit was commenced and the garnishment proceedings were pending, having been removed to the City Court by *certiorari.* It sets forth the facts entitling defendant to the exemption, and particularizes the money garnished as selected and claimed, stating the amount due as wages for the work and labor. Though informally prepared, it presents the facts so that a material issue can be taken thereon, if contested; this is requisite certainty.

In order to the sufficient interposition of a claim under section 2533, it must be accompanied by a statement of defendant's personal property, money, and *choses* in action, such as required by section 2526. If not accompanied by an inventory, the plaintiff may move for judgment against the garnishee, as upon default of the claimant of exemptions.—*Tonsmere v. Buckland,* 88 Ala. 312; s. c., 6 So. Rep. 904. Immediately following, and as a continuation of the claim, is a statement, verified by defendant as a complete inventory of all the property owned by him. The first objection urged to the sufficiency of the statement is, it does not include the money claimed as exempted. The purpose of the requirement is to prevent the defendant, while claiming the money garnished as exempt, secreting other personal property, money or *choses* in action subject to his debts, and which may be reached by appropriate legal process. That the money claimed as exempted is a part of the claimant's property, is made known to

[Louisville & Nashville Railroad Co. v. Trammell.]

plaintiff by the claim itself. Its repetition in the statement seems to be unnecessary. The statute makes the statement an essential part of the claim. There certainly can be no objection to making it on the same paper as a part of the claim, both verified by one and the same oath. This is a substantial compliance with the statute. The objection, that the claim and statement are not made separately, is rather technical. Also, when an inventory has been filed by the defendant, though it may not be complete, the plaintiff can not move for judgment against the garnishees as upon default of the claimant of exemption. If incomplete, plaintiff should have tendered an issue, that defendant has other personal property not embraced in the inventory, under section 2531. No such issue having been tendered, and no offer to contest the claim, the court did not err in discharging the garnishees.

Affirmed.