# Weinstein *v.* Yielding Bros. & Co.

## Exemption Contest.

(Decided May 24. 1909. Rehearing denied June 30, 1909. 50 South. 123.)

1. *Exemptions; Contest; Inventory.*—The purpose of permitting a demand for an inventory upon a claim of exemptions is to prevent the exemptioner from secreting other personal property, money or choses in action, subject to his debts, which may be reached by appropriate process, while claiming the property levied upon as exempt.

2. *Same.*—Section 4178, Code 1897, does not require the filing of an inventory of the property levied upon where defendant denies that he has any other property, since the claim of exemptions inventories the property claimed, and it is inventoried by the officer making the levy.

3. *Same.*—A sworn denial by the exemptioner that he has no other property to inventory is good cause for a failure to file the inventory required by section 4178, Code 1907.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Attachment by Yielding Bros & Co., against S. L. Weinstein. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Attachment for claim for goods sold levied upon certain personal property as the property of Weinstein. It seems that the defendant had already filed the claim of exemptions to the property levied on, in the probate office prior to the levy of attachment. Following the levy of attachment, the plaintiffs required of the defendant to file in the city court of Bessemer duly verified by affidavit, a full and complete inventory of all the personal property, together with the place of location of each item, together with a list of accounts and choses in action belonging to the defendant, and money on hand, whether held by defendant or held for him. This demand was coupled with, notice that, if not complied with, an order of court would be asked entering judgment by default against defendant. In compliance with this request defendant answered that at the time of the institution of said suit, and at the time of the filing of this answer, and during said entire period, she has had no personal property, money, debts, choses in action, or other personal property, except that specifically exempt from levy and sale. The defendant also moved the court to dismiss the contest of the claim and discharge the levy on the ground that there was no sufficient affidavit of contest of exemptions and because the affidavit made was insufficient. The plaintiffs moved for judgment by default, because the claim of exemptions filed in the office of the judge of probate showed an aggregate and total sum of property and goods owned by defendant of $1,173.73, and she has failed to show a complete and itemized list of her property. The inventory filed in the judge of probate's office is not shown by the record. There was judgment by default entered, and defendant appeals.

GEORGE HUDDLESTON, for appellant.—Where a claim of exemptions has been filed in the office of the judge of probate before the levy, the making of the affidavit and bond for contest are conditions precedent to a valid and lawful levy.—*Cotton & Bro. v. Sales & Co.,* 72 Ala. 488; Sec. 4178, Code 1907. These requisitions are judicial, and unless they are strictly complied with, render the contest abortive, and it should be dismissed.—*Block v. George,* 70 Ala. 409; Sec. 4173, Code 1907. A defendant is not required to include, in his inventory, property that he did not own at the time of the levy. If he has no property other than that levied on, a statement to that effect is a sufficient inventory and complies with the statute.—Secs. 4178, 4183, and 4184, Code 1907; *Decatur Co. v. Deford,* 93 Ala. 347.

PINKNEY SCOTT, for appellee. Counsel insist that the defendant failed to comply with sections 4173, 4178, Code 1907, and that the court's rulings were free from error.

ANDERSON, J.—The purpose of allowing the plaintiff to demand an inventory of the defendant, upon the contest of a claim of exemptions, is to prevent the defendant, while claiming the property levied upon as exempt, from secreting other personal property, money, or choses in action subject to his debts, and which may be reached by appropriate legal process.—*Decatur Co. v. Deford,* 93 Ala. 347, 9 South. 454. If the defendant has no personal property, money, choses in action, etc., other than what has been levied upon, he can file no inventory, and, when he meets the demand of the plaintiff by a sworn denial in writing that he has none, he can do no more. The law does not require the impossible, and a man cannot give an inventory of prop-

erty when he has none. Nor does the law contemplate an inventory alone of what property was levied upon, as this is in the claim of exemptions, and is doubtless inventoried by the officer making the levy. If the defendant's denial be untrue, the plaintiff can take issue thereupon, and, if found against the defendant, section 4184, Code 1907, provides for a deduction of same from the amount of exemptions to which the defendant would be entitled.

It is true that section 4178, Code 1907, requires the court to render a judgment for the plaintiff, if the defendant fails to file the inventory, "unless good and sufficient cause be shown to the contrary." We cannot conceive of a better cause for the failure to file said inventory than the sworn response of the defendant that he has nothing to inventory. The trial court erred in striking defendant's answer to plaintiff's demand, and in rendering judgment by default for the plaintiffs; and the judgment is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.