# Johnson v. Huntsville Gro. Co.

## Assumpsit.

(Decided May 14, 1914.  65 South. 441.)

1. *Exemptions; Inventory; Requisites.*—The exemptions and the amendment thereto examined and held to constitute a sufficient inventory as required by section 4186, Code 1907.

2. *Same; Remedy.*—Where a defendant in garnishment inventories property claimed to be exempt, plaintiff's remedy for alleged incompleteness is not by motion for judgment because of defendant's failure to file the required inventory as authorized by section 4178, Code 1907, but his remedy is by tendering an issue as to the omission as provided for in section 4184.

3. *Same; Striking; Judgment by Default.*—Where defendant claimed the sum garnished as exempt and filed an inventory under oath that such sum consisted of all his property, the fact that it was proven that at the time the writ was served, defendant owned about $400 worth of personal property, did not show that he was not prejudiced by the court's rulings striking his claim of exemptions and entering judgment by default as the undisputed evidence is not such as to exclude the inference that at the time of the service of the writ he had less than $1,000 worth of personal property including that mentioned in the claim of exemptions.

APPEAL from Madison Law and Equity Court.

Heard before Hon. J. H. BALLENTINE.

Assumpsit by the Huntsville Grocery Company against V. M. Johnson, with garnishment in aid thereof to the Henderson National Bank. From a judgment condemning the money there on deposit, the defendant appeals. Reversed and remanded.

BETTS & BETTS, for appellant. The inventory was sufficient.—Secs. 4186, 4178, Code 1907. The motion did not even approach the dignity of a pleading.—*Meyer v. Bloch,* 139 Ala. 178. The court was in grave error therefore in its action in striking the inventory on a verbal motion, and in entering judgment by default, condemning the money.—*Weinstein v. Yielding Bros.,* 162 Ala. 259; *Decatur Mer. Co. v. Deford,* 93 Ala. 349; *Pinkus v. Barberger,* 99 Ala. 269; *Alley v. Daniels,* 75 Ala. 403; *Stevens, et al. v. White,* 172 Ala. 89.

DAVID A. GRAYSON, for appellee. On the evidence the court was not in error in entering the judgment rendered.—*Davis v. Hayes,* 89 Ala. 563. It was within the discretion of the court to refuse or permit the amended claim to be filed, or to strike it as he did.— *Bloch v. George,* 4 South. *McCreary v. Chase,* 71 Ala. 540. The creditor had a clear right to so dispose of the exemption claim without tendering an issue where the debtor fails to file a proper inventory.—*Tonsmere v. Buckland,* 6 South. 906. The burden is on the debtor to establish his right to claim the exemptions.—*Ely v. Blocker,* 113 Ala. 311; *Buckland v. Tonsmere,* 90 Ala. 505; *Trager v. Feibelman,* 10 South. 213. Counsel discusses the authorities cited by appellant, and insist that they are without application here.

[Johnson v. Huntsville Gro. Co.]

WALKER, P. J.—The answer of the garnishee showed that it was indebted to the defendant in the sum of $130.99. The defendant claimed as exempt the amount so shown to be owed to him. In response to a demand of the plaintiff that he file an itemized statement of the personal property owned by him on the date of the service of the writ of garnishment, the defendant amended his claim of exemption by adding thereto the following statement, which was duly sworn to:

"Affiant further states that the said sum as above claimed by him as exempt is all of his personal property, and all the money belonging to him, whether in his possession or held by others for him, and all debts, choses in action belonging to him, or in which he is beneficially interested, and that the same was all the personal property owned by him and all the money belonging to him, whether in his possession or held by others for him, and all debts or choses in action belonging to him, or in which he was beneficially interested at the time of the institution of said suit, and at the time of the levy of the writ of garnishment therein, and during the entire period from the filing of said suit to the filing of his said claim of exemptions."

The plaintiff filed an instrument in writing contesting the claim of exemption on specified grounds, but thereafter the court, without otherwise disposing of that contest, sustained a motion of the plaintiff to strike from the file said claim of exemptions as amended, and to render judgment by default; the grounds assigned in this motion being that no inventory had been filed by the defendant as demanded by the plaintiff, and that the defendant had personal property which had not been mentioned in his claim of exemptions.

The amended claim of exemptions was not subject to objection on the ground that the defendant had fail-

ed to file an inventory. What he did was a filing of an inventory within the meaning of the requirement of the statute (Code, § 4186) that:

"When money or choses in action, or personal property, are garnished, and the defendant claims the same, or any part thereof, as exempt, he shall file his claim thereto in writing, verified by oath, in the court in which such proceedings are pending, accompanied by a statement setting forth the personal property, choses in action and money, and the location and value thereof, as required in the statement to be filed under the provisions of section 4178," etc.

The above-quoted sworn statement was unequivocal in its assertion that the amount owing by the garnishee, as shown by its answer to the writ, and which was claimed as exempt, was all the personal property owned by the defendant or in which he had any beneficial interest. That property was duly inventoried, substantially in pursuance of the requirement of the statute that the defendant, on the demand of the plaintiff, file a full and complete inventory, duly verified by oath, of all his personal property, except that specifically exempt, with the value and location of such property.—Code, §§ 4178, 4186. When a defendant files an itemized statement, duly sworn to, of his goods and valuables, with their location and estimated worth, he complies with this requirement. The debt due from the garnishee, and the value of this item of property, were distinctly disclosed in the sworn statement by which it was claimed as exempt. That was a single item of property, and no repetition of the description of it contained in the answer of the garnishee and in the claim affidavit was necessary.—*Decatur Mercantile Co. v. Deford*, 93 Ala. 347, 9 South. 454. In the case of *Tonsmere & Craft v. Buckland*, 88 Ala. 312, 6 South. 904, an inven-

tory was held to be insufficient because of its lack of
particularity in describing the property claimed as ex-
empt. It was held in that case that the statement of
"the sum of $225 in the hands of third persons, to whom
defendant has loaned it," was not sufficiently specific,
and that a description of property as "household and
kitchen furniture" was too general. There was no such
lack of definiteness in the description of the property
which the defendant in the instant case claimed as ex-
empt. It could not well have been more specifically de-
scribed. The defendant was not required to file any fur-
ther inventory if he had nothing else to inventory.—
*Weinstein v. Yielding Bros. & Co.,* 162 Ala. 259, 50
South. 126.

And when a defendant sufficiently inventories the
property which is claimed as exempt, and which he
swears is all that he owns, or in which he has any ben-
eficial interest, the proper remedy of the plaintiff for
any alleged incompleteness of the inventory because of
the omission from it of something that should have been
included is not by motion for a judgment by default,
authorized by section 4178 of the Code when the defend-
ant fails to file the required inventory, but is prescrib-
ed by the provision of section 4184 of the Code that:

"When, on a contest of a claim of exemption to per-
sonal property, an inventory has been filed by the de-
fendant, an issue may be tendered by the plaintiff that
the defendant has other personal property subject to
levy and sale under the process, not embraced in the in-
ventory," etc.—*Decatur Mercantile Co. v. Deford, su-
pra; Weinstein v. Yielding Bros. & Co., supra.*

The remedy provided for in section 4178 is available
when the defendant, without any good and sufficient
cause, fails to file any inventory within the time pre-
scribed, or when the inventory filed within such time

does not itemize or describe the property referred to in it in the manner contemplated by the statute. The remedy given by section 4184 is the one to be resorted to when the plaintiff desires to complain, not of the insufficiency of the inventory in its description of the property which it mentions, but of its incompleteness by reason of its omission of something which should have been embraced in it. The latter statute does not undertake to give to such an omission the effect of depriving the defendant of the right to claim anything as exempt, nor does it have the effect of wholly or partially defeating the contested claim of exemption, unless the value of what was included in that claim and the ascertained value of the property found to have been omitted from the inventory together amount to more than the defendant is entitled to claim as exempt. This is made plain by the provision of the statute, applicable when the plaintiff sustains the issue he has tendered as to the defendant's omission from his inventory of property which should have been embraced therein, that:

"The value of such property shall be ascertained and estimated in ascertaining the amount of the exemption to which the defendant is entitled, and be deducted from his claim in contest, as if such property had been selected by him as part of his exemptions."

The motion to strike the claim of exemption and for a judgment by default was sustained without there having been any ascertainment of the value of any property an inventory of which the defendant had failed to furnish. On the hearing of the motion, evidence was adduced which tended to prove that at the time the writ of garnishment was served the defendant owned about $400 worth of personal property other than the demand against the garnishee, and that some months before that date he had owned other personal property. But

[Goldberg & Lewis v. Stone.]

certainly the undisputed evidence was not such as to exclude the inference that at the time of the service of the writ of garnishment the defendant had less than $1,000 worth of personal property, including that mentioned in his claim of exemption. So it is not made to appear that he was not prejudiced by the action of the court in so disposing of the claim of exemption and of the contest of it as to prevent the latter being proceeded with in the manner contemplated by the statute.—Code, § 4184. It was prejudicial error to strike from the file the defendant's claim of exemption, and to enter judgment by default, on the motion made to that end, in the absence of evidence conclusively showing that he could not sustain his claim of exemption in whole or in part.

Reversed and remanded.