The appellee (plaintiff below), Billy Joe Crow, recovered a judgment of $1,000 against appellant (defendant below), Kenneth Holley, in the Circuit Court of Morgan County. On April 22, 1977 plaintiff filed a writ of garnishment against defendant and the latter's employer, Procon, Inc., as garnishee. Procon, who is not a party to this appeal, informed plaintiff that it would withhold defendant's wages. Thereupon, defendant filed a declaration of exemption from garnishment based on the $1,000 personal property exemption found in Title 6, chapter 10, section 6, Code of Alabama 1975 (formerly Title 7, section 629, Code of Alabama 1940) and the seventy-five percent wage exemption provided for in Title 6, chapter 10, section 7 (formerly Title 7, section 630). Defendant subsequently amended his declaration of exemption to include the $1,000 personal property exemption *Page 1125 
granted under the authority of Article X, Section 204, Constitution of Alabama 1901.
After receiving notice that defendant had claimed his statutory and constitutional exemptions from garnishment, plaintiff filed a motion to strike defendant's claim for a personal property exemption on the following grounds: (1) that the claimed exemption exceeded the $1,000 authorized for personal property exemptions; (2) that defendant had fraudulently disposed of his real and personal property for the purpose of defeating the garnishment; and (3) that defendant's monthly income of $2,000 was in excess of the $1,000 personal property exemption. Plaintiff also sought a court order requiring that defendant submit an inventory listing defendant's personal property.
The trial court subsequently ordered defendant to file an inventory and the defendant complied with this order by filing an inventory in which he stated that he earned approximately $400-$500 a week from his employment with Procon. In addition, he stated that he held no interest in any real property and that his only personal property included his clothing and an interest in a 1976 Ford pickup truck. However, defendant valued his monetary interest in the truck at zero dollars. This latter assertion was based on the defendant's claim that he had merely taken title to the truck in order to aid his brother-in-law who was having financial difficulty in meeting the monthly payments on the vehicle.
On July 12, 1977 the trial court held a hearing on the plaintiff's motion to strike the personal property exemption claimed by defendant. The evidence presented at this hearing demonstrates the following facts. In 1971-1972 defendant and his wife had executed a property settlement in anticipation of the dissolution of their marriage. The couple eventually decided not to obtain a divorce and the property settlement did not take place. However, four years later defendant and his wife did obtain a divorce. The parties' divorce occurred prior to the date on which plaintiff had recovered his judgment against defendant. The trial court adopted in its divorce decree the property settlement which defendant and his wife had agreed to in 1971-1972. Under the terms of this settlement, defendant's wife received all of the couple's real and personal property. Pursuant to these terms defendant conveyed his interest in a six acre lot and the family residence located thereon to his wife. The wife also received in this property settlement a mobile home toter which she subsequently traded for a nineteen foot cabin cruiser.
Despite the dissolution of their marriage, the parties remained on friendly terms and the defendant often stayed at the couple's former residence with his ex-wife. In addition, he frequently gave his former wife his weekly paychecks. Defendant testified that he provided his wife with this money because it was necessary for the support of their four children.
Although the affidavit filed by defendant in response to plaintiff's request for a complete inventory of defendant's interests in real and personal property had stated that defendant did not have an interest in any real property, the trial transcript reveals that defendant was the joint owner of one and one-half acres of property on which his mother resided. Defendant testified that he did not include this property in his inventory because his only real interest in the property was as a surety on a note his mother had given to a local bank for the purpose of obtaining a loan. In addition to this interest, property tax records continued to reflect defendant's ownership in the six acre tract which he had deeded to his wife pursuant to the divorce decree of 1976.
The record also reveals that the defendant failed to disclose various items of personal property in his inventory. Among these items were a citizens band radio valued at $49 and a camper for the pickup truck worth approximately $200. Defendant stated at trial that he did not include these items because he believed them to be a part of the pickup truck which he had listed in his inventory. However, it should be noted that defendant valued his interest in the truck at zero dollars in his inventory. *Page 1126 
Furthermore, defendant held title to the vehicle and was the obligor under the terms of the security agreement thereon.
Finally, additional evidence was to the effect that the defendant had purchased a furnished travel trailer but that his wife had actually paid for it from her savings;[1] that defendant had the right to use this trailer and the nineteen foot cabin cruiser anytime he wished; and that he had failed to list in his inventory a vacation fund which he held — although apparently the amount of money in this fund was nominal.
On the basis of the above described evidence and testimony, the trial court granted plaintiff's motion to strike the personal property exemption claimed by defendant. From the trial court's order granting plaintiff's motion to strike, defendant appeals.
Defendant asserts a number of errors on appeal, each of which charges that the trial court erred in striking defendant's claim of exemption. Specifically, defendant maintains that in addition to the seventy-five percent exemption of wages provided by Title 6, chapter 10, section 7, he is also entitled to have the remaining twenty-five percent of his wages exempted from garnishment under the $1,000 personal property exemption set out in Title 6, chapter 10, section 6 (and the Alabama Constitution).
Defendant's first contention involves his claim that the amount of money which would have been immune from garnishment had the personal property exemption been granted was $500. Consequently, defendant argues that since the $500 exemption actually sought did not exceed the $1,000 personal property exemption he was entitled to, the trial court erred in striking his claim for the personal property exemption. We find little merit to this contention. The $500 which defendant wished to have declared free from garnishment under the personal property exemption amounted to twenty-five percent of his $2,000 monthly earnings. However, it should be noted that seventy-five percent, or $1,500, of these earnings was already immune from garnishment under the statutory wage exemption. Thus, while a debtor may have both exemptions — the wage and the personal property exemption — and thereby protect one hundred percent of his wages from garnishment, he cannot have both exemptions if the value of his personal property, including the amount of wages remaining after the wage exemption is taken, exceeds $1,000. Walker v. Williams Bouler Construction Co.,46 Ala. App. 337, 241 So.2d 896 (1970). Accordingly, the issue in this case was not whether the amount which defendant actually sought to have exempted was less than $1,000, as $500 clearly was, but rather, whether defendant held personal property, which, when added to the $500 of wages remaining after $1,500 was freed from garnishment by the wage exemption, exceeded $1,000. Since the evidence presented at trial tended to show that the value of defendant's interest in various items of personal property plus the $500 not protected from garnishment under the wage exemption exceeded $1,000, the trial court acted properly in refusing to allow defendant to parlay his personal property exemption with his wage exemption to defeat garnishment by plaintiff. And the trial court's action was correct regardless of the fact that the amount of wages which would actually have been exempted by reliance on the $1,000 personal property exemption was less than $1,000.
As his next ground for asserting error by the trial court, defendant submits that even if his claimed exemption was excessive, the court was nevertheless in error because a motion to strike the excess portion of a claim is not the proper procedural device for dealing with money or personal property in excess of $1,000. This *Page 1127 
argument is premised on Title 6, chapter 10, section 33, Code of Alabama 1975 (formerly Title 7, section 647) which provides that if an issue arises as to whether or not a claim is excessive in a contest involving a claim for a personal property exemption, the trial court (or jury) must ascertain how much and what portion of the personal property is exempt (including a description of the property and its approximate value); and when the value of this property reaches $1,000 the appropriate portion is exempted and the residue of the property is sold and the money received therefrom applied to the payment of costs and satisfaction of process.
While it is true that the trial court in the instant case did not proceed under section 33, it was not necessary to do so since the defendant's right to have $1,000 worth of personal property exempted from process (and any remaining property sold and applied to the satisfaction of his debt) was not at issue. Instead, the issue was whether defendant held personal property in excess of $1,000 thereby warranting a denial of his claim to a personal property exemption for the portion of his wages not already exempted from garnishment by the statutory wage exemption. And relevant to this determination was an inquiry into the amount of personal property owned by the defendant at the time of the garnishment suit. This inquiry involved all personal property in which defendant had an interest whether acknowledged in his inventory or omitted therefrom. Consequently, the procedural aspects of this case were initially governed by Title 6, chapter 10, section 35, Code of Alabama 1975 (formerly Title 7, section 649) which provides that in situations where an inventory is filed by the debtor and a contest arises over the claim of a personal property exemption, the creditor may challenge the debtor's inventory, claiming that the debtor has personal property not listed in the inventory. And if it is found that the sum of the personal property which was actually listed as belonging to the debtor and that which was not disclosed by his inventory exceeds $1,000 at the time the personal property exemption and the wage exemption are sought, a motion to strike the former claim would be proper in order to prevent the obtainment of a "double" exemption. Walker v. Williams Bouler Construction Co., supra.See Johnson v. Huntsville Grocery Co., 10 Ala. App. 479,65 So. 441 (1914).
Defendant further argues that even if it is assumed that the motion to strike the claimed exemption was the proper procedural device in this matter, he nonetheless could not be constitutionally deprived of the right to have $500 in wages exempted from garnishment. Article X, Section 204, Constitution of Alabama 1901 provides that $1,000 worth of personal property of any Alabama resident may be exempted from the sale or execution or other process issued by a court to permit the collection of a debt and that the debtor may select the property he wishes to exempt. However, this constitutional provision notwithstanding, a debtor may protect only $1,000 of personal property from sale or execution. He cannot exceed this amount and if he is found to have over $1,000 in personal property he is not entitled to claim the personal property exemption provided in the constitution and the seventy-five percent wage exemption. In the instant case, defendant was not deprived of his constitutional right to exempt $1,000 worth of his personal property.
Next, defendant asserts he is entitled to his personal property exemption even if it were proven that he wrongfully omitted various property from his inventory. We do not disagree with this assertion but merely find it inapplicable to the present case. Pinkus v. Bamberger, Bloom Co., 99 Ala. 266,13 So. 578 (1892), held that fraudulent conduct by a debtor in collusion with another was not sufficient to deprive the debtor of his right to set apart, as exempted from his debts, $1,000 worth of personal property which he might select. Likewise, the court of appeals in Johnson v. Huntsville Grocery Co., supra, concluded, that the omission of items of personal property from an inventory did not deprive the defendant of his right to claim the exemption nor did it defeat the contested exemption. *Page 1128 
However, as we have stated throughout this opinion, plaintiff was not seeking to deny defendant a $1,000 personal property exemption. Plaintiff was seeking court action to prevent defendant from parlaying his personal property exemption with his wage exemption in order to immunize his relatively substantial wage earnings from garnishment to the detriment of plaintiff. Important to this issue was the amount of personal property which defendant held at the time of the suit since he would be denied the right to a "double" exemption if he in fact held over $1,000 worth of personal property or fraudulently disposed of his property for the purpose of defeating the garnishment. Walker v. Williams Bouler Construction Co.,supra. Both Pinkus and Johnson support a court's inquiry into such matters. In Pinkus the court stated that fraudulent conduct on the part of a debtor claiming an exemption for personal property is not relevant to any issue except so far as it shows he had other money or effects not included in his inventory. And Johnson stated that the omission to include personal property which should have been embraced in the inventory would not deprive the defendant of the right to claim the exemption unless the value of what was claimed in the inventory and the ascertained value of the property found to have been omitted from the inventory together amount to more than the defendant is entitled to claim as exempt. Moreover, inWalker this court remanded the case so that the plaintiff could offer proof that at the time of filing the exemption claim defendant had other personal property not disclosed by his affidavit or that defendant fraudulently disposed of money or other personal property for the purpose of defeating the garnishment.
In this case, plaintiff alleged in his pleadings and sought to prove at trial that defendant had failed to list in his inventory all the property in which he actually had an interest. Plaintiff also claimed (and offered evidence in support thereof) that defendant had conveyed both real and personal property to his former wife in an effort to defeat the rights of plaintiff. And although the allegations involving the fraudulent conveyance of real property had no relevancy to the contested exemption of personal property, there was nevertheless a significant amount of evidence (though largely circumstantial and in conflict) that defendant's former wife had paid for or received under unusual circumstances items of personal property which had originally been purchased by defendant. Furthermore, evidence was presented that defendant often turned his entire weekly paycheck of $500 over to his ex-wife to be deposited in her account. And this action was taken despite the fact that defendant was not obligated under the terms of the divorce to provide his former wife with either alimony or child support. However, somewhat contradictory to the payment of what was no more than a moral obligation to provide for his ex-wife and children, was defendant's claim that he could not afford to pay the legal obligation he owed plaintiff.
While it cannot be said as a matter of law that the aforementioned evidence demonstrates fraud or a deliberate attempt by defendant to misrepresent his personal assets, such evidence was relevant to a determination by the trial court that defendant's interest in personal property exceeded $1,000, thus barring the latter's claim to a "double" exemption.
A careful examination of the record and the judgment of the trial court does not support defendant's contention that the denial of his claimed exemption to the remaining twenty-five percent of his wages was in error. Nor does the judgment indicate on what grounds, fraud or undisclosed property in excess of $1,000, the court's decision was based. There was certainly sufficient evidence to sustain the latter as a basis for denying defendant's exemption. And in instances where it cannot be determined on what ground or theory a judgment or verdict was rendered, the finding of the trier of fact will be referred to the theory which is supported by the evidence. SeeLeigeber v. Boike, 37 Ala. App. 591, 73 So.2d 390 (1954). *Page 1129 
Moreover, under the ore tenus rule the judgment of the trial court will not be reversed or disturbed on appeal unless manifest error was committed by the trial court during the trial or the judgment is demonstrated to be plainly and palpably wrong. McPherson v. Everett, 277 Ala. 519,172 So.2d 784 (1965). The trial court heard the evidence ore tenus in the present case and therefore we will not substitute our own judgment for that of the trial court. Accordingly, the court's order granting plaintiff's motion to strike the personal property exemption claimed by defendant is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.
[1] The record before us reveals a conflict in the wife's testimony about this matter. At first she stated she was not sure how she had accumulated any savings of her own since she had not worked for a number of years. Later, however, she testified that her savings resulted from the fact that she aided her brother and her former husband in the repair of house and camper trailers and that she received a portion of the proceeds from the resale of these trailers.