In the Matter of Stanley SANDERS, D.C., Pearl Jeanette Sanders, Debtors.

Stanley SANDERS, D.C., Pearl Jeanette Sanders, Plaintiffs,

v.

FIRST STATE BANK OF FRANKLIN COUNTY and Northern Trust Company, Defendants.

Bankruptcy No. BK 82–07084. AP 82–1452.

United States Bankruptcy Court, N.D. Alabama, N.D.

Feb. 2, 1983.

Neil Taylor, Jr., Phil Campbell, Ala., for plaintiff.

Denise Lier, Fine & McDowell, Russellville, Ala. for defendant, First State Bank of Franklin County.

## ORDER

EDWIN D. BRELAND, Bankruptcy Judge.

This matter is before the Court on the complaint of the debtors to avoid a lien pursuant to Title 11 Section 522(f) and determine the extent of the debtors' exemptions under Alabama State Law. Trial in this cause was heard on the 5th of January, 1983. Testimony was elicited from only one of the debtors, a Dr. Stanley Sanders, who is a chiropractor in Phil Campbell, Alabama. His wife, Pearl Jeanette Sanders serves as Dr. Sanders' secretary and office assistant. The Sanders filed their complaint to have this Court declare as exempt all of Dr. Sanders' medical equipment, office business equipment, and office furniture as "tools used personally by and essential to the debtors' business" pursuant to Section 6–10–126, Code of Alabama 1975. Dr. Sanders also claims as exempt a 1979 Pontiac, under Section 6–10–126, as a "vehicle used by and essential to the debtors' business".

The defendants, First State Bank of Franklin County, Alabama and Northern Trust Company of Illinois, hold security interests in various equipment and furnishings in the debtors' medical office, and in the 1979 Pontiac. According to the testimony of Dr. Sanders, the equipment and furnishings securing First State Bank's lien has a present market value of $11,272.00. The equipment securing the debt to Northern Trust Co. has a present market value of $4,100.00.

The debtors' primary argument is that Section 6–10–126 is not limited by the $3,000.00 limitation contained in Section 6–10–6 as amended in 1980 by Alabama Act 80–569. The pertinent portions of Section 6–10–126 are as follows:

"(a) No waiver of exemption in any written instrument shall be held to apply to or include or authorize the levy of an execution or attachment on any of the following property for any debt contracted:

. . . .

(3) A vehicle used by and essential to the debtor's business;

(4) Tools used personally by and essential to the debtor's business;

. . . .

(b) Any levy upon such property is absolutely void."

Section 6–10–6 states:

"The personal property of such resident to the extent of the resident's interest therein, to the amount of $3,000.00 in value, to be selected by him or her, and in addition thereto, all necessary and proper wearing apparel for himself or herself and family, all family portraits or pictures, and all books used in the family shall also be exempt from levy and sale under execution or other process for the collection of debts."

Before the Court can determine what personal property of the debtors can be classified as "tools essential to the debtor's business", it must be determined whether Section 6–10–126 allows the debtor to exempt essential tools regardless of their value, or whether exemptions under Section 6–10–126 are limited by the $3,000.00 personalty clause of Section 6–10–6. The debtors' support their argument that all exemption statutes stand independent of one another by citing the Court to Section 7 of Alabama Acts 80–569, which contains Alabama's "opt-out" provision from the Federal Bankruptcy exemptions. Section 7 states:

"Savings clause. The provisions of this Act are cumulative, and are in addition to those presently or hereafter provided for in other law or rule of procedure, and shall not be construed to repeal or supersede any laws not directly inconsistent herewith."

1980 Ala.Acts 569, at page 882. It cannot be denied that the provisions of Act 80–569 were adopted by the legislature to add to

the existing state law of exemptions, and not to repeal them. This does not mean, however, that each exemption statute is designed to stand alone, and be utilized by a debtor to claim as exempt properties valued over and above the $3,000.00 limit.

This position is clearly supported by Alabama case law. In *Holley v. Crow*, 355 So.2d 1123 (Ala.Civ.App.1978), the Court stated that in the case of the wage exemption provided for by Section 6–10–7 and the personal property exemption in Section 6–10–6, the debtor cannot utilize both exemptions if the value of the personal property including the amount of wages remaining after the wage exemption is taken exceeds the dollar limitation contained in Section 6–10–6. The Court went on to state:

"(The debtor) cannot exceed this amount and if he is found to have over $1,000.00 in personal property, he is not entitled to claim the personal property exemption provided in the constitution and the seventy-five percent wage exemption."

Id. at 1127. See also *Walker v. Williams & Bouler Construction Company*, 46 Ala.App. 337, 241 So.2d 896 (Ala.Civ.App.1970).

In addition to the prior case law, the placement of Section 6–10–126 in the Code under "Article 3, Waiver of Right to Exemptions" helps explain why the statute was enacted in addition to Section 6–10–6. All rights to exemption created by Section 6–10–6 may be waived by an instrument in writing. See Section 6–10–120, Code of Alabama 1975. Section 6–10–126, however, limits the rights of an individual to waive his or her exemption in property essential to the family and the debtors' livelihood.

This Court therefore holds that under Alabama State Law each of the debtors is entitled to a personal property exemption of $3,000.00. The only items which can be exempted in addition to the $3,000.00 limit are those listed in Section 6–10–6, which are all wearing apparel, family portraits or pictures, and the family library, and as a result, should not be computed in the $3,000.00 limitation. Both the husband and wife as joint petitioners and both having been engaged in the chiropractic profession

in a primary or supportive capacity, are free to utilize each of their individual $3,000.00 personal property exemption as they see fit. In other words, both debtors may apply all or a portion of their $3,000.00 exemption to the business and medical equipment located in the debtors' chiropractic office. See 11 U.S.C. 522(f) and (m).

Having defined the extent of personal property exemptions available under Alabama State Law, the Court must now determine which, if any, of the furnishings in the debtors' office are to be considered as "tools used personally by and essential to the debtors' business". Pursuant to 11 U.S.C. 522(f)(2)(B), the debtors may avoid a nonpossessory, nonpurchase-money security interest in implements or tools of their trade only to the extent of their available personal property exemption, i.e., a maximum of $6,000.00.

The defendant creditor, First State Bank, has argued that only the medical equipment Dr. Sanders' began his practice with can be considered "essential" for purposes of Section 6–10–126. This Court is of the opinion that the time of acquisition of the furnishings and equipment is irrelevant to the question of whether the equipment is essential to the debtors' business. The acquisition of items over a long period of time, which are necessary to increase the efficiency and productivity of a profession are "essential" to maintaining that productivity and efficiency. In addition, as a doctor acquires skills necessary to offer more specialized services, the equipment used for those services becomes essential.

As for the office equipment and furniture for the patient lobby, it goes without saying that a modern, contemporary medical practice cannot be operated without business equipment, secretarial equipment and furnishings for patient comfort. Since the debtors are limited to a $3,000.00 personalty limit, even if the office equipment and furnishings were not tools essential to the debtors' business pursuant to Section 6–10–126, they would meet the more expansive phrase of "implements or tools of the

trade of the debtor" contained in 11 U.S.C. 522(f)(2)(B). Viewed in this light, Section 6–10–126, Code of Alabama 1975 and 11 U.S.C. Section 522 are almost identical in effect. The only difference is that the property and security interests covered by both sections are not identical.

On the basis of the foregoing discussion, it is ORDERED, ADJUDGED AND DECREED that the debtors are entitled to have and declare as exempt their wearing apparel, family pictures, the family library and $6,000.00 worth of any other personal property chosen by the debtors.

It is also ORDERED, ADJUDGED AND DECREED that the debtors are free to amend Schedule B–4 of their petition. The right to amend shall extend only to the type of items listed. The value of the property shall remain as it was listed on the original supplements to Schedule B–4.

It is further ORDERED, ADJUDGED AND DECREED that as to any personal property not exempted by the debtors, it may be redeemed from the defendant creditors by paying them the value established by the debtors at the trial in this cause, since the value established at trial was unrefuted by the defendant creditors.