RICE & MOORE v. RICHARDSON & KEITH, ADMR'S.

1. Fraud, in a sale made by an administrator of his intestate's effects, is a valid defence to the contract, when attempted to be enforced by an administrator *de bonis non* of the estate.

Error to the Circuit Court of Greene.

THIS action was brought by the defendants in error, as administrators *de bonis non* of the estate of William Brantly, against the plaintiffs in error, on a note made by them to William Tasker, administrator of the estate of William Brantly; upon issue taken on the plea of *non assumpsit*, the plaintiffs below, obtained a verdict and judgment.

Upon the trial, the plaintiffs in error, offered to prove that the note sued on was executed by the plaintiffs in error on the purchase of a negro, at the sale of the property of William Brantly, by Tasker, the payee of the note, as his administrator; and that at the sale Tasker committed a fraud on the plaintiffs in error, by artfully concealing the condition of the health of the slave, so that the plaintiffs in error were thereby deceived; and that the negro at the time of the sale, was of no value whatever. To the introduction of this testimony, the defendants in error objected, and the Court sustained the objection, on the ground, that it was not competent for the purchaser of property of an administrator to resist the payment of the purchase money, on the ground of fraud, and that his only mode of redress would be to sue the administrator personally for the deceit; to which opinion of the Court, the defendants excepted, and now assign the same for error.

PECK & CLARK, for plaintiffs in error.

ORMOND, J.—The question to be determined in this case is, whether the maker of a note given on the purchase of a slave at a sale made by an administrator, can set up as a defence a fraud in the sale, when sued on the note by a succeeding administrator, who sues as administrator, *de bonis non.*

If the administrator who made the sale, and to whom the note was given was the plaintiff, no doubt could be entertained that the defence could be made. Fraud vacates all contracts, whether made by the person to be interested thereby, or by an agent. Where the agent is not only the fraudulent actor, but is the holder of the legal title, and attempting to enforce it, it could not be tolerated that he should resist the defence on the ground that the benefits of the fraud were to go to others; and that redress must be sought in another action against him. Paley on Agency, 325.

How then is the case varied, because the suit is not brought by the fraudulent actor, but by those who have, by operation of law, acquired the right to bring the suit.

The note taken by a former administrator, is merely assets of the estate, and cannot stand on higher ground than a note taken by the intestate in his lifetime in his own name, and yet

where an administrator sues in such a case, no one can doubt that any defence, which could have been made against the note in the hands of the payee, could be made, when it is attempted to be enforced by his representative after his death. So, if it had been assigned, the defence could have been made against the assignee, innocent of the fraud.

It is probable, the opinion of the Court, proceeded on grounds of public policy, and that it was necessary to uphold such sales, by making the actor alone responsible. But we cannot conceive that public policy should require a fraudulent sale to be affirmed. The general, we might say, the universal rule of law is, that fraud vacates all acts; even the solemn judgment of a Court, is a nullity if obtained by fraud. To turn the defendants round to seek redress from the original actor in the fraud, might, in its results, be to them a denial of justice. We are, for these reasons, of opinion that the Court below, erred in refusing to permit the defendants below to prove the sale fraudulent; and *its judgment is therefore reversed, and the cause remanded.*