Guy Sparks, an attorney and appellant herein, was hired by and did legal work for the Calhoun County Civil Service Board (Board) from June 1, 1976, until August 20, 1980. Calhoun County Commission paid his legal fees routinely until February 1978. At that time the Commission notified the Board that it had overspent its $2500 budget appropriation for legal matters on outside counsel and that no more funds would be made available for that purpose. The Commission pointed out that § 10 of Act of August 12, 1969, No. 384, 1969 Ala. Acts 754, which created the Board, provided in pertinent part that:
 In all proceedings before the Board, the County Attorney may appear and represent the interest of the county and he shall, also, give such legal advice and legal assistance to the Board as may be requested by it.
The letter further stated that it was the opinion of the Commission that the county attorney could serve the Board and the *Page 1105 
Commission at a more reasonable amount of compensation than outside counsel hired by the Board.
Additionally, in February of 1978, the Commission requested an opinion from the Attorney General of Alabama construing §§ 6 and 10 of the aforementioned act. Section 6 provides that:
 The Board shall have power to appoint personnel necessary for its work and to delegate to such personnel such duties and powers as may be practicable.
The attorney general's opinion stated that the Board is required by § 10 to use the county attorney, and that § 6 does not permit the Board to hire an attorney to represent it at the expense of the county. Rather, § 6 gives the Board the power to appoint personnel for its administrative and internal work.
Sparks continued to represent the Board after February 1978, and upon refusal of payment by the Commission, sued in the Calhoun County District Court for his fees. The district court's decision was in favor of Sparks, and the County appealed to circuit court. The County stipulated a judgment for Sparks in January 1979 when a new Commission took office. However, subsequently, on October 25, 1979, the Commission adopted a resolution that no further payments would be made to any attorney hired by the Board, but that the county attorney should represent the Board with payment by the County. Sparks once again represented the Board, payment was refused and he sued in district court. This time, he lost. No appeal was taken. This appeal arises from a third suit which Sparks lost in the district court and appealed to the circuit court. The circuit court, after trial without a jury, held that Act No. 384 does not require independent counsel for the Board, and that the Commission did not wrongfully disallow Sparks's charges from February 1980 to August 1980. From that judgment, Sparks appeals.
Sparks contends on appeal that pursuant to § 6 of the Act the Board may hire outside counsel at the expense of the county. He apparently contends that the Commission has no control over this power of the Board and is required absolutely to pay for such services under § 16 of the Act which states that:
 The governing body of Calhoun County shall provide for the salaries and expenses of the Civil Service Board, and shall provide in its annual budget an estimated appropriation sufficient to cover the salaries and expenses of such board.
We cannot agree with appellant's construction of the act in question. To do so would be to give the Board free rein to spend county money without budget control by the county governing body. The legislature, in § 11-8-2,[1] Code (1975), stated that the purpose of Chapter 8 of Title 11 is "to vest in the County Commission more efficient power and control over all public funds that may now or hereafter be under its control,. . . ."
Rules of statutory construction set out that in construing statutes, courts must look to legislative intent in the language of the statutes. Mitchell v. Mobile County, 294 Ala. 130, 313 So.2d 172 (1975). Words in a statute are to be given their usual and ordinary meaning. Morgan County Commission v.Powell, 292 Ala. 300, 293 So.2d 830 (1974). In determining the legislative intent behind a statute, the statute must be interpreted as a whole, and if possible, every section should be given effect. Tillman v. Sibbles, 341 So.2d 686 (Ala. 1977). When possible, conflicting statutes should be reconciled in favor of each other to form one harmonious plan. B.F. GoodrichCo. v. Butler, 56 Ala. App. 635, 324 So.2d 776, writ quashed,295 Ala. 401, 324 So.2d 788 (1975).
Under the foregoing principles, we construe the act in question as follows:
Funds for legal counsel for the Board should be budgeted by the County under § 16 of the Act. When legal counsel is necessary, the Board should use the county attorney and he shall represent it. Utilization of the county attorney would make *Page 1106 
other counsel unnecessary in most instances. To construe the Act to give the Board broad discretion under §§ 6 and 10 to bind the county finances via § 16 would be unreasonable and could not have been the legislature's intent. We consider that the legislature meant for the county attorney to represent the Board at its request. To permit total discretion by the Board to bypass the service of the county attorney or to hire other counsel without budgeted funds or approval of the Commission would be contrary to the intended fiscal control of the county finances by the County Commission.
Sparks argues that the settled administrative interpretation as to payment for his services was favorable to him and should have been followed. We can find no settled interpretation of the Act in this record. On the contrary, the County and the courts have made various decisions in this matter.
Sparks had notice of the Commission's interpretation of the Act and of its denial of obligation to pay for his services. All of the charges sued for here accrued subsequent to notice to the Board and Sparks that no more fees would be paid.
We do not decide here that the Board can never hire outside counsel. Certainly, § 16 of the Act, along with various budgeting statutes governing county finances found in Title 11 of the Code, intends that the Board request appropriations and stay within funds budgeted for specific purposes. The Commission must have control over county finances in order to fulfill the statutory obligations to provide services to its citizens.
This cause is due to be affirmed.
AFFIRMED.
HOLMES, J., concurs.
BRADLEY, J., dissents.
[1] County financial affairs.