In re William N. SATTERWHITE, a/k/a William Nathan Satterwhite, a/k/a William Satterwhite, Debtor.

Bankruptcy No. 82–01170.

United States Bankruptcy Court, M.D. Alabama.

March 1, 1983.

W. Larry Ray, Opelika, Ala., for trustee.

Joseph L. Dean, Jr., Opelika, Ala., for Bank of East Ala.

Peter H. Martin, Opelika, Ala., for debtor, William Satterwhite.

## OPINION ON MOTION OF DEBTOR TO NULLIFY SECURITY INTEREST OPINION SETTING EXEMPTION RIGHTS

RODNEY R. STEELE, Bankruptcy Judge.

The debtor filed a motion on September 22, 1982, to have this Court determine that the security interest of the Bank of East Alabama in certain pulpwooding equipment was null and void.

This motion to avoid a lien was set to be heard at Opelika on November 3, 1982.

On September 22, 1982, the debtor also filed an amended claim to exempt property. He claimed the pulpwooding equipment and a 1979 Chevrolet truck. When the motion to avoid the Bank's lien came on for hearing at Opelika on November 3, 1982, the attorneys argued the motion. It appeared then that the trustee might have some interest in the pulpwooding equipment and the vehicle.

The issues arising under this motion were outlined in the Court's letter of November 5, 1982, to the attorneys. The matter was continued by that letter until December 1, 1982, at 2 p.m.

In the meantime, the attorney for the debtor has filed two memoranda of law. The first is in support of the motion by the debtor for an Order nullifying the security interest of the Bank. The second is a closely reasoned brief in support of the debtor's claim of exemptions.

Because the Alabama law was not entirely conclusive on the exemption question, that question was referred to the Alabama Supreme Court under ARAP Rule 18, on January 10, 1983. By an Order of the Alabama Supreme Court on February 22, 1983, the Alabama Supreme Court has declined to answer the certified question.

### THE ISSUES

The matter is ripe for submission on the two questions: 1.) whether the security interest of the Bank of East Alabama is valid against trustee and against this debtor claiming his exemptions, and 2.) whether the debtor is entitled to claim all of the pulpwooding equipment and vehicles as exempt to him under the law of Alabama.

### THE BANK'S SECURITY

■ Reexamination of the security agreements and UCC–1 filing statement reveals that the security interest of the Bank, if not void altogether, is certainly unperfected as against the trustee. The security interest claimed by the Bank of East Alabama in this business equipment was recorded in the Office of the Judge of Probate of Lee County, Alabama, and not in the Office of the Secretary of State of Alabama. Business equipment, in this case where the debtor was engaged in contract operations in which he cut pulpwood for others, must be filed in the Office of the Secretary of State. See Code of Alabama 1975, Section 7–9–401.

■ Where the security interest is unperfected, the trustee in bankruptcy is then entitled, as a lien creditor, to avoid the security interest of the Bank. See Code of Alabama 1975, Section 7–9–301, and Title 11, U.S.Code, Section 544(a).

The debtor is also entitled to exercise the rights of the trustee under Section 544(a), and 7–9–301 to the extent of his exemptable interest in property in the estate. See Title 11, U.S.Code, Section 522(f), (g), (h), (i) and (j).

The debtor, where the trustee has recovered, or can recover such property under one of his special avoiding powers, may claim his exemptions to the extent allowed by law, from the trustee out of property of the estate. See Section 522(g) and (h).

### DEBTOR'S EXEMPTION RIGHTS

Since the equipment here is property which comes into the estate, free of Bank's

security, but subject to the exemption rights of the debtor, the crucial inquiry is whether the debtor may claim all the property as exempt.

Under Title 11, U.S.Code, Section 522, an individual debtor is authorized to exempt from property of the bankruptcy estate property specified in Section 522(d) except where the state law has specifically forbidden the taking of these federal exemptions.

Alabama adopted an "opting out" law on May 19, 1980, which requires the debtor to choose only those exemptions set out under the Alabama law, in bankruptcy proceeding, and not those exemptions allowed by Section 522(d) of Title 11, U.S.Code:

*Section 6–10–11. Exemptions in Federal Bankruptcy.* In cases instituted under the provisions of Title 11 of the United States Code entitled Bankruptcy, there shall be exempt from the property of the estate of an individual debtor only that property and income which is exempt under the laws of the state of Alabama, and under Federal law other than Subsection (d) of Section 522 of said Title 11 of the United States Code. (Acts 1980, Number 80–569, page 879, Section 1.)

The debtor may certainly claim the pulpwood equipment as exempt under Section 6–10–6, Code of Alabama, 1975. That section exempts to a debtor the personal property of each resident to the extent of the resident's interest therein to the amount of $3,000 in value to be selected by him or her.

But the pulpwood equipment and vehicles in this case exceed in value the $3,000 under that Section 6–10–6.

### EXEMPTIONS UNDER ALABAMA CODE SEC. 6–10–126

■ The debtor claims though that he is entitled to claim all of the property, not just under Section 6–10–6, but under Section 6–10–126 of the Code of Alabama, 1975.

Section 6–10–126 of the Alabama Code, under which the debtor claims the additional exemption rights reads:

(a) No waiver of exemption in any written instrument shall be held to apply to or include or authorize the levy of an execution or attachment on any of the following property for any debt contracted:

(1) Cooking utensils, cooking stoves, table, tableware, chairs, bed and bed clothing in actual use by the family;

(2) Wearing apparel;

(3) A vehicle used by and essential to the debtor's business;

(4) Tools used personally by and essential to the debtor's business; [1]

(5) The library of the debtor.

(b) Any levy upon such property is absolutely void. (Code 1907, Sec. 4237; Acts 1915, No. 797, p. 916; Code 1923, Sec. 7966; Code 1940, T.7, Sec. 712.)

Debtor argues that this section of the Alabama Code creates a separate and independent set of exemptions, in addition to those specified in Section 6–10–6, Alabama Code, and not limited by any money values.[2]

We are satisfied from argument in debtor's brief that Section 6–10–126 creates an additional set of exemptions in specified property, and that no waiver of exemptions can affect those rights.

That brief is upon four legs.

First, the provisions of Section 6–10–126 establish a right in property which may not be touched by levy and execution. At Subsection (b), the language is emphasized: "(b) Any levy upon such property is absolutely void."

Second, a construction of Section 6–10–126 which would impose a value limitation such as that in Section 6–10–6, creates unnecessary conflict between the statutes where they may be read separately and meaningfully.

**1.** The definition in Section 6–10–126 which exempts "tools used personally by and essential to the debtor's business" clearly covers pulpwooding equipment used by a debtor in his

business, and in this case, used personally by the debtor in his business.

**2.** It was this question which this Court certified to the Alabama Supreme Court.

Third, and most telling, in a historical analysis of the Code of Alabama, debtor's attorney illustrates that the exemption provisions of Section 6–10–126 are older exemptions than these in Section 6–10–6, and that the legislature of the State of Alabama has intended at all times to preserve inviolate the specific property in Section 6–10–126 to the debtor without any doubt raised in favor of creditors, particularly as to waivers of exemptions.

Finally, in the one Alabama case which treats directly this provision of the Alabama Code, Section 6–10–126 is determined to establish a separate set of exemptions. We quote from that case styled *Coffman v. Folds,* 216 Ala. 133, 112 So. 911 (Ala.1927), in which the Court construed the purpose of that statute:

> Being to aid the poor and ignorant and guard such persons and their families from the oppression or inconvenience incident to the delay and uncertainty of making a formal claim of exemptions as is required of the *other class of exemptions.* Such is the manifest requirement evidenced by a consideration of the legislative history and form of said Act. The same intent is manifested by the addition of the words in Section 7966 of the Code of 1923 that 'any levy upon such property is absolutely void.' [Emphasis supplied]
>
> .    .    .    .    .
>
> The amended statute 1915, page 916, *added to the general personal exemptions properties* of the kind and class indicated and to be selected by the debtor that for reasons of public policy may not be taken from the debtor (though waived in the note, bond or evidence of indebtedness) by a process of attachment or execution. [Emphasis supplied]

We conclude that Section 6–10–126 creates an additional set of exemption rights in debtors which must be recognized in bankruptcy as against the estate in bankruptcy. Such exemption rights are in addition to all other exemption rights in the Code of Alabama granted to debtors against levy and execution, including, but not limited to those of Section 6–10–6 of the Code of Alabama 1975 relating to personal property. They are likewise subject to being freed of creditors' security interests under the Bankruptcy Code.

An appropriate Order will enter.