In the Matter of Amos T. MORRIS, Sr., Debtor.

Tazewell T. SHEPARD, as Trustee for the estate of Amos T. Morris, Sr., Plaintiff,

v.

Amos T. MORRIS, Sr., First American Bank, Ralph Jones, Equitable Agent, and Equitable Life Assurance Society of the U.S., Defendants.

Bankruptcy No. BK 83–00512.
AP 83–0316.

United States Bankruptcy Court, N.D. Alabama, N.D.

June 10, 1983.

Tazewell T. Shepard, Huntsville, Ala., for plaintiff.

Jon H. Moores, Decatur, Ala., for defendants, Amos T. Morris, Sr., First American Bank, Ralph Jones and Equitable Life Assur. Soc. of the U.S.

## MEMORANDUM OPINION

EDWIN D. BRELAND, Bankruptcy Judge.

The debtor, Amos T. Morris, Sr., filed a petition in bankruptcy on February 2, 1983, requesting relief under Chapter 7 of the Bankruptcy Code. At the time of the filing of the petition, the debtor was the owner of six Equitable Life Assurance policies, listing his two sons as beneficiaries. The six policies have a combined cash surrender value of $3,950.08. The debtor listed the policies as assets in his petition and claimed the cash value as exempt property pursuant to Section 6–10–8, Code of Alabama 1975.

On March 1, 1983 the debtor assigned the policies and the cash surrender value to the First American Bank as collateral on a loan for $5,000.00. The debtor claims the loan was necessary to begin his "fresh start" after bankruptcy. Subsequent to the assignment the trustee filed this adversary

proceeding to declare the assignment null and void and order the turnover of the cash surrender values as an asset of the estate.

The sole issue presented to the Court is whether the insurance exemption contained in Section 6–10–8 is subject to the $3,000.00 limitation on personal property exemption contained in Section 6–10–6, Code of Alabama 1975, as amended in 1980. In support of his position, the trustee has cited the Court's opinion in the *Matter of Sanders,* 30 B.R. 80 (Bkrtcy.N.D.Ala.1983). In that case the Court held that the debtor's rights under Section 6–10–126, Code of Alabama 1975 were limited by the $3,000.00 ceiling found in Section 6–10–6. Further compounding the confusion among the local bar as to the extent of property exemptions available to a debtor in bankruptcy is the recent decision by the Bankruptcy Court of the Middle District of Alabama, *In re Satterwhite,* 28 B.R. 178 (Bkrtcy.M.D.Ala. 1983). In *In re Satterwhite,* Judge Steele held that Section 6–10–126 creates an additional set of exemptions in specified property unlimited by the $3,000.00 limitation contained in Section 6–10–6. Until such time as the Alabama Supreme Court or the United States District Court rules further on the extent of a debtor's exemptions under State Law, this Court feels compelled to further define the scope of the property exemptions available to the debtor in bankruptcy.

Alabama Statutes which set out the property exempt from levy and execution are set out in Division 1, Article 1, entitled "Exemptions from levy and sale under process" of Chapter 10, Title 6 of the Code of Alabama 1975. As applicable to the individual debtor, Division 1 sets out six separate exemptions, which as amended in 1980 are as follows: $5,000 homestead exemption for every resident, Section 6–10–2; family burial plots, Section 6–10–5; $3,000.00 personalty for every resident, family clothing, library, portraits and photographs, Section 6–10–6; 75 percent of the wages of each resident, Section 6–10–7; and life insurance policies where the beneficiary is other than the debtor, Section 6–10–8.

Each of these statutory exemptions have been the law in the State of Alabama since 1876, with the exception of the life insurance exemption, which was first adopted by the legislature in 1867. To further complicate the present state of property exemptions, the legislature adopted Section 6–10–126 in 1907. Section 6–10–126 is set out in Article 3, entitled "Waiver of Right to Exemptions" of Chapter 10, Title 6 of the Code of Alabama 1975. The statutes set out in Article 3 establish that any exemption in any property may be waived, the methods by which an exemption is to be waived, and the effect a waiver has on the enforcement and attachment of a lien. Section 6–10–126, entitled "Exceptions", sets out specific personalty which cannot be attached or levied upon even where a waiver has been executed.

Section 6–10–126 states:

(a) No waiver of exemption in any written instrument shall be held to apply to or include or authorize the levy of an execution or attachment on any of the following property for any debt contracted:

(1) Cooking utensils, cooking stove, table, tableware, chairs, bed and bed clothing in actual use by the family;

(2) Wearing apparel;

(3) A vehicle used by and essential to the debtor's business;

(4) Tools used personally by and essential to the debtor's business;

(5) The library of the debtor

(b) Any levy upon such property is absolutely void.

To understand the scope of Section 6–10–126, it is necessary to compare it with the language contained in Section 6–10–6, which states:

"The personal property of such resident to the extent of the resident's interest therein, to the amount of $3,000.00 in value, to be selected by him or her, and in addition thereto, all necessary and proper wearing apparel for himself or herself and family, all family portraits or pictures, and all books used in the family shall also be exempt from levy and sale

under execution or other process for the collection of debts."

Viewed in relationship to 6–10–6, the legislative intent in the passage of Section 6–10–126 becomes clear. As this Court ruled in the *Matter of Sanders,* supra., the purpose of 6–10–126 is to protect certain personal property necessary for the family's livelihood from waiver of exemption, within the confines of Section 6–10–6, and not to allow the exemption of these items of personalty, regardless of value. This interpretation is supported by the fact that both sections list wearing apparel and the family library as property affected by each statute. If 6–10–126 were intended as an additional statutory exemption of personalty, the inclusion of these two items of property would be redundant. In addition, the Supreme Court of Alabama has held that exemptions of personalty included within the classes of the predecessor of Section 6–10–126 did not have to be accomplished by a formally filed written instrument. *Coffman v. Folds,* 216 Ala. 133, 112 So. 911 (1927). The Supreme Court went on to state that the policy behind the statute was to protect citizens from being reduced to beggardom, by excepting necessary household articles from seizure for debt, despite the debtor's own improvident waiver.

The limitation of Section 6–10–126 by Section 6–10–6 is further supported by two State Court opinions dealing with the wage exemption contained in Section 6–10–6. See *Holley v. Crow,* 355 So.2d 1123 (Ala.Civ.App.1978) and *Walker v. Williams & Bouler Construction Company,* 46 Ala.App. 337, 241 So.2d 896 (Ala.Civ.App.1970). Both of these cases stand for the proposition that once the 75% wage exemption is claimed, the remaining 25% cannot be exempted if there exists other personal property of the debtor which satisfies the $3,000.00 limit contained in Section 6–10–6. The debtor does not have to make a formal claim as to the property set out in Section 6–10–126. As a result, if that section were to be viewed as an independent exemption statute, it would greatly affect the valuation of a debtor's personalty by setting out personalty which could not be utilized to compute the $3,000.00 limita-

tion. Since the Court in both cases was concerned with whether the debtor has personalty which exceeded the 75% wage exemption and the $3,000.00 limitation, the Court finds the absence of a discussion of Section 6–10–126 very significant. As a result, Section 6–10–126 is not to be viewed as an exemption statute, but merely a statutory limitation on the remedy available to creditors who hold a waiver of personal property exemptions executed by the debtor.

■ Having reached this conclusion, the Court now turns to a determination of whether Section 6–10–6 is a limitation on the debtor's ability to claim other exemptions set out in Article 1, of Chapter 10, Title 6 of the Code of Alabama 1975. As set out above in *Holley v. Crow,* and *Walker v. Williams & Bouler Construction Company,* supra., it is clear that Section 6–10–6 does not limit the ability of a debtor to claim the 75% wage exemption. As for the life insurance exemption contained in Section 6–10–8, the Court has been unable to locate any State Court opinions in which the Court has dealt with a debtor's multiple exemption claims under Sections 6–10–6 and 6–10–8. Absent such guidance, the Court must look to the statute itself, and interpretations of the statute to determine the purpose and public policy reasons for its adoptions. Entitled "Rights of beneficiaries and assignees under life insurance policies", the pertinent portions of Section 6–10–8 are as follows:

"If a policy of insurance, whether heretofore or hereafter issued, is effected by any person on his or her own life or on another life in favor of a person other than himself or herself or, except in cases of transfer with intent to defraud creditors, if a policy of life insurance is assigned or in any way made payable to any such person, the lawful beneficiary or assignee thereof, other than the insured or the person so effecting such insurance, or his or her executors or administrators, shall be entitled to its proceeds and avails against the creditors and representatives of the insured and of the person effecting

the same, whether or not the right to change the beneficiary is reserved or permitted . . ."

From the language of the statute itself and interpretive case law, the purpose of the statute is not to set aside an exemption for the benefit of the debtor, but to provide for the maintenance and support of a class of people, primarily the spouse and children. See *First National Bank of Mobile v. Pope,* 270 Ala. 202, 117 So.2d 174 (Ala.1959). While the benefit inures directly to the named beneficiary, it is an exemption of the debtor, which he can claim regardless of the power to change the named beneficiary. *In Re Beckman,* 50 F.Supp. 339 (N.D.Ala.1943).

 It is the opinion of this Court that the legislature did not intend for Section 6–10–8 to be limited by the $3,000.00 limitation found in Section 6–10–6. The basis for this opinion is twofold. First and foremost is the fact that Section 6–10–8 predates 6–10–6. If the legislature had intended to limit the life insurance exemption, it could have easily done so by amending or repealing Section 6–10–8. The cash surrender value of a life insurance policy is clearly personalty, and could be exempted under 6–10–6 without the aid of 6–10–8, if the legislature had so intended. Furthermore, in chosing to protect a separate class of people, the legislature well understood that without an independent exemption statute for life insurance, a debtor could utilize his $3,000.00 personalty exemption to his advantage and to the detriment of his beneficiaries.

In addition, the statutes under Article 1 of Chapter 10, Title 6, Code of Alabama 1975 are entitled "Exemptions from Levy and Sale under Process". With the exception of Section 6–10–8, all of these sections were adopted at the same time. The legislative intent in the simultaneous passage of these statutes was for each section to stand as an independent exemption, unaffected by one another. Unlike Section 6–10–8, Section 6–10–126 is not contained in Article 1 and as a result, must be limited by Section 6–10–6 which limits each resident to a $3,000.00 personalty exemption.

It does not necessarily follow that this limitation applies to other specific personal property exemption statutes set out in Article 1.

From the discussion above, the Court concludes that the $3,000.00 ceiling in Section 6–10–6 is a limitation on the debtor's exemption rights only under property exempted pursuant to 6–10–6 and 6–10–126 and that the six exemption statutes applicable to the individual debtor as set out in Division 1, Article 1 of Chapter 10, Title 6 of the Code of Alabama 1975 are separate and independent exemption statutes.

An appropriate Order in accordance with this opinion will be entered.