**FIRST ALABAMA BANK OF MONT-GOMERY, Plaintiff/Appellant,**

v.

**Kenneth W. MIMS, Defendant/Appellee.**

Civ. A. No. 86V–217–N.

United States District Court,
M.D. Alabama, N.D.

June 20, 1986.

B. Blaine Brown, III, Montgomery, Ala., for First Alabama Bank.

OPINION

VARNER, District Judge.

This cause is now before the Court on an appeal of a bankruptcy decision issued by Hon. A. Pope Gordon, United States Bankruptcy Judge, on October 30, 1985.

Defendant/Appellee herein, Kenneth W. Mims [hereinafter referred to as Appellee], filed a joint petition under Chapter 7 of the United States Bankruptcy Code on August 2, 1985, in the United States Bankruptcy Court for the Middle District of Alabama. At the time of the filing of the petition, Plaintiff/Appellant, First Alabama Bank of Montgomery [hereinafter referred to as Appellant], had a perfected purchase money security interest in one 1981 customized Chevrolet Van in the possession of Appellee. The Appellee did not seek to reaffirm the indebtedness owed to Appellant pursuant to 11 U.S.C. § 524(c), and, therefore, Appellant filed to reclaim possession of the vehicle. Following testimony and submission of documents regarding the transactions in question, the Bankruptcy Court issued a ruling that Appellee was entitled to the vehicle pursuant to CODE OF ALABAMA [1975], § 6–10–126, entitled "Exceptions", which provides, in pertinent part:

> "(a) No waiver of exemptions in any written instrument shall be held to apply to or include or authorize the levy of an execution or attachment on any of the

following property for any debt contracted:

"* * *

"(b) Any levy upon such property is absolutely void."[1]

Specifically, the Bankruptcy Court held that § 6–10–126 creates exemption rights that are separate and distinct from those rights granted under CODE OF ALABAMA [1975], § 6–10–6.[2] It is from this ruling that Appellant appeals.

Under 11 U.S.C. § 522 of the United States Bankruptcy Code, the State of Alabama may "opt-out" of the federal exemptions in favor of its own exemptions. Pursuant to this authority, the Legislature of the State of Alabama, by Act No. 80–569, effective May 19, 1980, prohibited the application of the federal exemptions set forth in § 522(d) of the Bankruptcy Code and limited exemptions to those established by State law or by law other than § 522(d) of the Bankruptcy Code. The exemptions that the Legislature established are set forth in §§ 6–10–1, et seq., of CODE OF ALABAMA [1975]. Included among these provisions is the aforementioned exemption for personalty in the amount of $3,000.00 [§ 6–10–6], a homestead exemption of $5,000.00 [§ 6–10–2], a 75 percent wage exemption [§ 6–10–7] and other miscellaneous exemptions.

In holding that § 6–10–126 created exemption rights in the Appellee above and beyond those specified in § 6–10–6, the Bankruptcy Court below relied primarily on *In re Satterwhite*, 28 B.R. 178 (Bkrtcy.M. D.Ala.1983). Specifically, in *Satterwhite*, the Chief Bankruptcy Judge for the Middle District of Alabama ruled that § 6–10–126 created a separate and independent set of exemptions in addition to those specified in Alabama's "opting-out" law. *Satterwhite*, supra, at 180–81. The Court in *Satter-*

*white* used the following arguments, inter alia, to support this conclusion: (1) Subsection (b) of § 6–10–126 states that "any levy upon such property is absolutely void" and, thus, any attempt to levy against the property designed in subsection (a) of that statute is void; (2) not allowing exemptions under § 6–10–126 would create unnecessary conflict between that statute and § 6–10–6; (3) that § 6–10–126 is an older provision than § 6–10–6 indicates that the Legislature had intended to preserve inviolate the specific property in § 6–10–126 to the debtor without any doubt raised in favor of creditors; and (4) a decision of the Alabama Supreme Court, *Coffman v. Folds*, 216 Ala. 133, 112 So. 911 (1927), mandates a finding that § 6–10–126 creates additional exemptions. *Satterwhite*, supra, at 180–181.

■ This Court has jurisdiction over appeals from the Bankruptcy Court. Bankruptcy Rule 8013, Title 11 U.S.C. Where, as here, the Bankruptcy Judge's findings of fact are not in dispute and the questions presented are solely legal questions, no presumption of correctness applies, and the district court should make an independent determination of the legal issues. *Matter of Hammons*, 614 F.2d 399 (5th Cir.1980).

■ As Appellant correctly observed in its brief, the United States District Court for the Southern District of Alabama and the Bankruptcy Court in the Northern District of Alabama have held that § 6–10–126 does not create separate and additional exemptions. See, e.g., *Stewart v. Jones*, 35 B.R. 392 (M.D.Ala.1983); *Matter of Sanders*, 30 B.R. 80 (Bkrtcy.N.D.Ala.1983); *Matter of Morris*, 30 B.R. 392 (Bkrtcy.N.D. Ala.1983). This Court is of the opinion that *Stewart*, supra, *Sanders*, supra, and *Morris*, supra, have properly defined the relationship between § 6–10–126 and § 6–10–6

---

1. Although after Appellee filed for bankruptcy the language of this statute changed, the parties herein have not sought to argue this case under the amended version of the statute.

2. Section 6–10–6, entitled "Personalty" provides as follows: "The personal property of such resident, to the amount of $3,000.00 in value, to be selected by him or her, and, in addition thereto, all necessary and proper wearing apparel for himself or herself and family, all family portraits or pictures and all books used in the family shall also be exempt from levy and sale under execution or other process for the collection of debts."

and, therefore, warrants the reversal of the Bankruptcy Court's decision below.

In particular, this Court takes exception to the Bankruptcy Court's reliance on *Satterwhite*'s characterization of § 6–10–126 as an exemption provision. Although subsection (b) of that section states that a levy upon such property is void, this language is subject to the wording of § 6–10–126(a). *Stewart*, supra, at 394. Subsection (a) states that, "No waiver of exemption in any written instrument shall be held to apply to or include or authorize the levy of an execution or attachment on any of the following property for any debt contracted * * *." The provision goes on to list five types of property that are subject to the no waiver provision. [See supra, p. 2, § 6–10–126]. Judge Hand in *Stewart* stated that, in light of subsection (a), the following concerning the scope of § 6–10–126 is clear:

> " * * * that where a debtor has given a waiver of exemption involving any of the five classes of property, any attempt to levy upon such property is therefore, absolutely void. By its terms the statute relates only to situations where the debtor has granted a waiver of exemption, and is not an exemption statute." *Stewart*, supra, at 394–95.

Section 6–10–126 is applicable only in those cases where a debtor has, in fact, first given a waiver of exemption pursuant to § 6–10–120, which provides:

> "§ 6–10–120. Right to waive.
>
> "Any person, by an instrument in writing, may waive his or her right to an exemption in any property exempt from levy and sale under execution or other process."

This Court is of the opinion that the language of § 6–10–126 clearly specifies that the debtor must first present a formal waiver of exemption before he is entitled to contend that any attempt to levy on the property described in subsection (a) is void.

In the absence of any ambiguity, this Court is obliged to interpret the language of the statute as meaning exactly what it says. *Kimbrell v. State*, 272 Ala. 419, 132 So.2d 132 (1961). Accordingly, it is the opinion of this Court that, when considered in light of § 6–10–126(a), § 6–10–126(b) does not provide the Appellee herein with additional exemption rights above and beyond those provided in § 6–10–6.

Moreover, this Court recognizes that the construction of § 6–10–126 given by the Court in *Stewart*, which this Court is hereby adopting, does not create unnecessary conflict between § 6–10–126 and § 6–10–6. Under § 6–10–120, a debtor may waive all rights to exemptions established in § 6–10–126. See supra, p. 5; *Underwood v. First Alabama Bank*, 453 So.2d 742 (Ala.Civ. App.1983). Section 6–10–126, however, limits the rights of an individual to waive his exemption in property essential to the family and the debtor's livelihood. *Sanders v. First State Bank*, 30 B.R. 80 (Bkrtcy.N.D. Ala.1983). In the event that a debtor waives his right to exemption, § 6–10–126 precludes creditors from levying against the property designated in § 6–10–126(a). On the other hand, if the debtor elects to exempt under Alabama law, his personalty exemptions are limited to those specified in § 6–10–6. Thus, the exceptions included in the waiver statute aid the debtor in determining whether to seek exemptions under § 6–10–6 or to waive his right to such exemptions yet still have some property protected from his creditors. *Stewart*, supra, at 497.[3]

This Court is also of the opinion that the legislative history of §§ 6–10–6 and 6–10–126 indicates that the Legislature did not intend that § 6–10–126 be an additional exemption statute. As Judge Hand observed in *Stewart*, an exemption statute has existed in Alabama since 1852, and it was only after the Constitution of Alabama was altered in 1876 that a waiver statute was implemented. *Stewart*, supra, at 395–96.

---

3. This Court recognizes that this interpretation is supported by the fact that both sections list wearing apparel and the family library as property affected by each statute. If § 6–10–126 were intended as an additional exemption of personalty, the inclusion of these two items of property would be redundant. *Morris*, supra, at 394; *Stewart*, supra, at 395.

Thus, *Satterwhite*'s observation that the substance of § 6–10–126 had been on the books longer than the exemption statute is incorrect. Nevertheless, this Court further recognizes that, if the Legislature had intended that there be exemptions for other items, such as for items listed in the exceptions to the waiver statute, the Legislature could have listed these items in the exemption statute. The obvious conclusion is that, by failing to designate these items in the exemption statute, the Legislature sought "to preserve these items of personalty for selection by the debtor under the monetary limits of the exemption statute and not make them subject to monetary limits despite a waiver." *Stewart*, supra, at 397; *Sanders*, supra, at 82.

Finally, as Appellant correctly observes, *Satterwhite*'s reliance on *Coffman v. Folds*, 216 Ala. 133, 112 So. 911 (1927), is misplaced. *Coffman* involved a case wherein the Alabama Supreme Court faced the question of whether a debtor is required to make a formal selection of the classes of personalty listed under the statutory predecessor to § 6–10–126 and not that the statute itself constituted a separate set of exemptions.

Accordingly, it is the opinion of this Court that the Bankruptcy Court's Judgment on Reclamation Complaint is due to be reversed and judgment entered in favor of Appellant, First Alabama Bank of Montgomery.

An Order will be entered in accordance with this Opinion.